## No. 9771.

### The State of Louisiana vs. Stephen Morales.

ON Application for Bail by Writ of Habeas Corpus.

---

*David N. Barrow*, for the Relator.

*Alex. Hébert*, District Attorney, *contra*.

---

By Mr. Justice Poché; Mr. Justice Todd concurring:

After a preliminary examination by the district judge for the parish of Iberville, on a charge of murder, the accused was committed for trial without the benefit of bail, hence his present application for bail by means of the writ of habeas corpus, on the allegation that the

testimony produced against him did not render the proof evident or the presumption great that he was guilty of murder, as charged.

The record shows that the preliminary examination was ordered at his own instance, that it was thorough and legal, and that he was heard by counsel; hence, that examination answers all the purposes contemplated by law to be afforded by the writ of habeas corpus ; and the evident object of the present application is to obtain a review of the finding and order of the district judge. " The great and primary object of the writ of habeas corpus is to afford judicial relief to parties who are illegally deprived of their liberty." State ex rel. Conden vs. Sheriff, 36 Ann. 856.

In this case the accused has had judicial action by competent authority, on his application for bail, and it does not appear that he is illegally deprived of his liberty. Unless glaring injustice has been done to an accused by a district judge in a preliminary examination, the judges of the Supreme Court will not feel authorized to reverse the order therein rendered, by means of the writ of habeas corpus.

The circumstances surrounding this application are almost identical with the facts in the case of the State vs. Levy and Tregre, recently discussed, and the present application, must, as it should, share the same fate.

It is, therefore, ordered that the defendant's application for bail be denied, that the proceedings for habeas corpus be dismissed.