STATE v. JAMES H. MILLER.

*Insolvent Debtor—Costs—Habeas Corpus.*

1. The application of an insolvent confined for the non-payment of costs, is a proceeding in the cause in which he was convicted, and should be made by petition to the Court wherein the judgment against him was entered.

2. If in such case, the clerk should refuse to allow the prisoner to take the oath, the remedy is by an appeal to the Judge holding the Courts of that district, and it is *intimated* that it is irregular for the Judge of an adjoining district to release the prisoner on a writ of *habeas corpus.*

3. Where, in such case, the prisoner has been released by the writ of *habeas corpus*, if he has complied with all the conditions of the statute, this Court will not reverse the judgment.

4. The State has no appeal from a judgment releasing a prisoner in a *habeas corpus*.

(*Gatling* v. *Walton*, 1 Winst., 333; *Musgrove* v. *Kornegay*, 7 Jones, 71; cited and approved).

APPLICATION for a writ of *habeas corpus,* heard before *Gudger, Judge,* at Chambers, in Warrenton, on September 24th 1886.

After the defendant's appeal to the Supreme Court was adversely decided, 94 N. C., 904, and the certificate received at July Term of Wake Superior Court, the same judgment as before was pronounced, and the same punishment imposed for his offence. He has undergone the full term of imprisonment, and desiring to take the benefit of the act for the imprisonment of debtors, and intending to remain in imprisonment for the space of 20 days in order thereto, *The Code* §2967, he gave notice thereof to the sheriff, that he would at the expiration of the time make application to the Court to take the required oath. This he was prevented from doing, and instead of continuing in prison, was transferred to the custody of the superintendent of the work-house by direction of the county commissioners and there kept at hard labor until the 20 days had past. Thereupon he made his application to the clerk for permission to file his schedule, surrender his property, and take the required oath, in order to be discharged from custody, and being refused, he sued out a writ of *habeas corpus* before a Judge holding a Court in an adjoining district, instead of bringing the ruling of the clerk for review before the Judge then exercising the jurisdiction in the district to which the county belongs.

Upon the hearing and upon the facts briefly stated, it was adjudged that the clerk proceed to administer the oath, upon the prisoner's complying with the requirements of the stat-

ute; that he appoint a trustee to take charge of the property surrendered, and dispose of the same in the manner pointed out in the order, and that upon taking such oath, the prisoner be discharged from further confinement. From this judgment the State appealed.

*The Attorney-General* and *Mr. R. H. Battle,* for the State.

*Messrs. T. C. Fuller, E. C. Smith* and *John Gatling,* for the defendant.

SMITH, C. J., (after stating the facts). We are advised that the mandate has been obeyed, and the prisoner released, so that no practical purpose is to be subserved in prosecuting the appeal, whatever may be our opinion as to the action of the Judge in his summary intervention in the case.

It is certainly a singular method, to say the least, of acquiring jurisdiction and directing proceedings in it in a case depending in another Court not of his district, by the issue of the present writ. The obvious course would be suggested to carry up to the jurisdictional Judge the alleged denial by the clerk of the prisoner's right to a discharge, by whom his error may be corrected, and the prisoner's demand sustained.

The statute (*The Code* §2968) is explicit in requiring an imprisoned debtor to apply by petition " *to the Court wherein the judgment against him was entered,*" and as this is action in the cause, it must be construed as a proceeding therein. This is plainly the only legal course to be pursued in obtaining relief.

While, however, the prisoner's enlargement was brought about by a coercion, through an unauthorized order, it is nevertheless a fact accomplished, and the clerk has done, while not using his own judgment, what he had a right and it was his duty to do in a case where all the conditions of

the law are observed, and the correctness of his action, assuming it to be free, is not presented in the present record.

Moreover, we find no precedent for an appeal from the decision of the Judge acting under such a writ and in such a. case.

The prisoner was under a final sentence, and his exoneration from restraint was sought under an act evidently not contemplating a remedy in this way; *The Code*, §1646. Proceedings under the writ of *habeas corpus*, which have for their principal object a release of a party from illegal restraint, must necessarily be summary and prompt to be useful, and if action could be arrested by an appeal, would lose many of their most beneficial results. In case where the writ was resorted to for the purpose of determining the custody of minor children, and these became substantially controversies between conflicting claimants, the right of appeal is given by Act of February 15th, 1859, Acts 1858–'59, chapter 53, and this enactment is transformed into §1662 of *The Code*.

It is a significant indication of the legislative intent in giving an appeal in this case only, not to recognize it in other cases. The right to review by means of the writ of *certiorari* in a class of cases of which cognizance is acquired, but to which ours does not belong, is maintained by the Court in *Gatling* v. *Walton*, 1 Winston, 333, but we find no instance of jurisdiction obtained by an appeal.

It has been exercised under the enabling act; *Musgrove* v. *Kornegay*, 7 Jones, 71. While, then, we cannot sustain the illegal course taken by the Judge in interposing for the prisoner's relief, the appeal by the State is not within the provision of §1237, and for the other reasons stated cannot be entertained.  Dismissed.