43  857
47  668

## No. 1244.

### THE STATE EX REL. ENOCH PRICE AND J. H. ABRAUGH VS. LEM. SCOTT, SHERIFF OF THE PARISH OF RICHLAND.

The power vested by Article 89 of the Constitution in the Supreme Court, and each of the judges thereof, to issue writs of *habeas corpus,* is one of original, and not of appellate, jurisdiction.

The Supreme Court will, in the exercise of its original jurisdiction in matters of *habeas corpus,* decline to review the testimony taken before the District Judge on a preliminary examination. His jurisdiction in matters of *habeas corpus* is concurrent.

APPLICATION for writ of *Habeas Corpus.*

*Boatner & Lamkin* for the Relator.

*F. G. Hudson,* District Attorney, for the Respondent.

The opinion of the court was delivered by

McENERY, J. The relators were by affidavit charged with arson, and after a preliminary examination, in which they were represented by counsel, they were committed to the parish prison—Price without the the benefit of bail, and Abraugh in default of giving bond in the sum $2500.

In their present application they rely on the testimony taken before the district judge. In the application for Abraugh it is urged that there was not sufficient evidence to connect him with the crime, and also that the bail fixed by the district judge is excessive. In the application for Price, it is urged that the affidavit on which he was arrested does not charge him with the commission of a capital offense,

and the evidence taken on the trial fails to show that there was " at the time some human being usually staying, lodging or residing at, night " in the building referred to in the affidavit, and that the testimoney taken on the preliminary examination fails to show that the proof is evident or the presumption great. Both parties pray to be discharged from custody, or to have bail fixed within their ability; to furnish.

There is no complaint of the irregularity of the commitment. The preliminary examination was had before a judge having jurisdiction of the case.

The application for relief under the writ is an effort to have reviewed the testimony taken before the district judge, sitting as a committing magistrate, and to set aside or amend his decree.

The issues presented have in several cases been decided by this court.

The applications of relators are identical with that presented in the cases of State vs. Levy and Shegall, and State vs. Morales, 38 An. 918, 919; in re Strichland and Alford, and State vs. Strichland, 41 An. 324, 572; in each of which there was an application presented to this court to review the testimony taken on the preliminary trial and the rulings of the district judge, who had committed the relators.

In each of these cases it was held that the power vested by Article 89 of the Constitution in the Supreme Court, and each of the judges thereof, to issue writs of *habeas corpus*, is one of original and not of appellate jurisdiction, and that it will decline to review the action of a district judge who has concurrent jurisdiction after a fair preliminary examination.

*In re* Strichland and Alford, 41 An. 324, this question was most carefully considered, and the authorities in this and other jurisdictions reviewed, and the conclusion reached, " that in inquiring into the evidence with a view to test the correctness or error of the district judge's conclusion in the premises, we would exercise an appellate jurisdiction with which we are not vested." Const. Art. 89.

The instant case is not in any way distinguished from the cases referred to. The identical testimony taken on the prelimary examination is certified to and brought up for our review.

The counsel for the relators has pressnted their case with so much zeal and ability that we have been induced to go over the same

ground again, and to review our previous rulings from the additional light afforded by his brief and argument. Our reëxamination of the authorities has only confirmed our belief in the correctness of our conclusions.

We were much impressed with the argument of relator's counsel on the proper construction to be placed upon Act 841 of the Revised Statutes.

The affidavit substantially charges that there was in the building at the time it was destroyed by fire a human being who usually resided or lodged there. It is not essential that an affidavit charging a crime should be as concise as the language employed in an indictment. The affidavit charges, "that there were living souls within the building when the said fire originated who were lawfully therein."

The committing magistrate, the district judge, was exclusively vested with the discretion to' determine the sufficiency of the evidence to establish this part of the affidavit. We can not review his conclusions.

To prevent any possibility of a denial of the right of the accused in his application for relief under the writ of *habeas corpus*, the great and primary object of which is to afford judicial relief to parties who are illegally deprived of their liberty, we said in the case of State vs. Morales, 41 An. 919, "unless glaring injustice has been done to an accused by a district judge in a preliminary examination, the judges of the Supreme Court will not feel authorized to review the order therein rendered by means of the writ of *habeas corpus*."

We do not think the accused have been illegally deprived of their liberty, and no glaring injustice has been done to them by the district judge in the order rendered by him.

It is, therefore, ordered that the application for relief as prayed for by relators be denied, and that the proceedings in both applications of *habeas corpus* be dismissed.