IN THE MATTER OF WILLIAM LUCK WIGGINS.

(Filed 29 April, 1914.)

**Habeas Corpus—Appeal and Error—Certiorari.**

> An appeal from the determination of the judge before whom the proceedings upon a writ of *habeas corpus* is heard will not lie, except in cases concerning the care and custody of children; though an applicant in proper cases where an adverse judgment presents questions of law or legal inferences and amounts to a denial of a legal right may have the judgment reviewed on *certiorari.* Constitution, Art. IV, sec. 8.

APPLICATION for discharge on writ of *habeas corpus,* heard before *Devin, J.,* in the county of FORSYTH, 17 March, 1914.

On the hearing it appeared that the petitioner was held on requisition and warrant charging him with larceny and embezzlement in the State of Florida and being a fugitive from justice from said State.

The court having duly heard and considered the case, gave judgment denying the application, and ordered the petitioner into the custody of J. F. Gordon, the duly authorized agent of said State, for removal to that jurisdiction.

The applicant, having duly excepted, appealed.

*Stras & Williams for Gordon, agent of State of Florida.*

Hoke, J. Our statute on *habeas corpus,* Revisal, ch. 39, sec. 1854, only allows an appeal in ordinary form in cases concerning the care and custody of children, and the fact that express provision of this kind is only made in these cases gives support to the practice that has always prevailed in this State, that in other causes no such appeal will lie. *In re Tinner Holley,* 154 N. C., 166, citing *S. v. Herndon,* 107 N. C., 934; *S. v. Miller,* 97 N. C., 451; *S. v. Lawrence,* 81 N. C., 522.

With certain limited and well defined exceptions, our law extends the privilege of this great writ to every one restrained of his liberty, and makes cogent provision that the same shall be issued by any and every Supreme or Superior Court judge in the State to whom application is properly made. Having thus secured to every person the opportunity to have his cause publicly investigated before a judge of general jurisdictional powers, our lawmakers have thus far not thought it well that, in addition, the right of indiscriminate appeal should be given, which, by ill-considered abuse, might become a serious hindrance to the well-ordered administration of justice. In proper instances, however, an applicant is not deprived of all right to have his cause reviewed by the court *in banc..* And it has been held in *Holley's case* and others that where in *habeas corpus* proceedings an adverse judgment presents questions of law or legal inference and amounts to the denial of a legal right it may be reviewed on *certiorari* under and by virtue of Article IV, sec. 8,

of our Constitution conferring on this Court the power to issue "any remedial writs necessary to give it general supervision and control over the proceedings of inferior courts."

Under the principles stated, we must hold that no appeal lies in the present case, and the same is dismissed.

Appeal dismissed.