STATE OF FLORIDA ex rel. HELEN D. PERKY, *Relator*, vs. JEFFERSON B. BROWNE, as Judge of the Circuit Court of the 20th Judicial Circuit, in and for Monroe County, Florida, *Respondent*.

142 So. 247.
Division B.
Opinion filed June 6, 1932.

*Bryant & Pittman,* for Relator;

*Wm. H. Malone,* for Respondent.

DAVIS, J.—Rule nisi in prohibition was issued in this cause to prohibit the Circuit Court and respondent Circuit Judge of the 20th Judicial Circuit from entertaining any jurisdiction over one R. C. Perky, or from any manner interfering with or entertaining jurisdiction with respect to any actions involving a marital controversy between said R. C. Perky and his wife Helen Perky, who appeared to be prosecuting a separate maintenance suit against her husband in the Circuit Court of Dade County, wherein a writ of *ne exeat* had been issued by the Circuit

Judge there and sent as authorized by statute for service upon the defendant in Monroe County in the 20th Judicial Circuit.

The writ of *ne exeat* issued by the Circuit Court of the Eleventh Judicial Circuit in Dade County was served in Monroe County upon the defendant R. C. Perky, who promptly sued out a writ of habeas corpus before the Circuit Judge of the 20th Judicial Circuit exercising jurisdiction in Monroe County.

Prohibition was applied for here upon the theory that the Circuit Court of the 20th Judicial Circuit in Monroe County had no jurisdiction to interfere by habeas corpus with the execution of process of another Circuit Court, such as a writ of *ne exeat*, issued by a Circuit Judge of the 11th Judicial Circuit in Dade County.[*]

That prohibition will lie in certain instances in habeas corpus cases as well as other cases is a proposition which has recently been affirmed by this Court. See State ex rel. Frederick v. M. G. Rowe, Circuit Judge, decided at the present term.

The writ of habeas corpus is a high prerogative writ, and when properly issued supersedes all other writs. But jurisdiction to issue a writ of habeas corpus confers no jurisdiction to thereafter order a prisoner released or discharged to the prejudice of the lawful exercise of jurisdiction by a coordinate Court. See People v. Zimmer, 252 Ill. 9, 96 N. E. 529.

Yet interference by prohibition with an orderly habeas corpus proceeding being entertained by a Circuit Judge

---

[*]The following authorities were cited in support of the proposition that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, unless the prior jurisdiction has terminated: Hoadley v. Chase, 126 Fed. 818; Cooper v. People, 13 Colo. 337; Wright v. State, 7 Ind. 324; State v. Sheriff, 43 La. Ann. 857; In re: Strickland, 41 La. Ann. 324; State v. Morales, 38 La. Ann. 918; State v. Levy, 38 La. Ann. 919; State v. Miller, 97 N. C. 451; Ex parte State, 150 Ala. 489, 43 Sou. Rep. 490; Ex parte Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S. W. 913.

of this State must rest upon exceptional circumstances demonstrating a clear foundation, since the organic right of any person detained in custody to have the cause of his detention inquired into and to be discharged upon a writ of habeas corpus, is a constitutional privilege of the most sacred character. The high prerogative writ of habeas corpus cannot be lightly interfered with, delayed or defeated by the issuance from a superior court of other extraordinary writs such as prohibition, having the effect of hindering or delaying the discharge of the applicant from alleged illegal custody.

At the same time, however, questions of conflict of jurisdiction between the Circuit Courts of the State, involving the exercise of conflicting powers by one Circuit Court in derogation of the processes or judgments of another Circuit Court having jurisdiction to proceed do lie within the province of this Court to decide.

And this Court may in due course of procedure employ such writs and proceedings as it has constitutional power to issue or entertain, to enable it to make effective its determination of claims of alleged conflicts of jurisdiction between different Circuit Courts, including questions of alleged conflict of jurisdiction arising out of the asserted usurpation of power by one Circuit Court against the processes, judgments or decrees of another Circuit Court, through the alleged improper use of writ of habeas corpus for that purpose. See State ex rel. Frederick, Solicitor, v. Rowe, Circuit Judge, supra.

A Circuit Court having jurisdiction to issue a writ of *ne exeat* in a pending chancery case cannot have its process nullified through an unwarranted collateral attack entertained against such process by habeas corpus sued out in another Circuit in which the defendant arrested on such writ of *ne exeat* may have been found. This is true in every case except where the writ of *ne exeat* is shown to

be void and not merely irregular or defective in form, or substance. 29 C. J. 51.

A writ of *ne exeat* issued pursuant to Sections 4976-4979 C. G. L., 3184-3187 R. G. S., runs throughout the State[*] and complainant who has complied with the statute and given security to have such process issued, should not have his rights under such writ of *ne exeat* rendered ineffective through the improvident discharge of the defendant in habeas corpus proceedings instituted in another Circuit where such writ may have been executed. Unless the writ of *ne exeat* is without jurisdiction or void, relief from it should be sought in the Court from which it was issued in the first instance.

The constitutional right to a writ of habeas corpus, which is guaranteed by Section Seven of the Bill of Rights of the Constitution, is duly accorded whenever the right to the issuance of such writ of habeas corpus is not denied, and the writ upon due application is speedily issued. Nor can this Court by writ of prohibition or otherwise inhibit a Circuit Judge from the mere issuance of a writ of habeas corpus under Section 11 of Article V of the Constitution.

But after the writ is once issued and returned, and the prisoner has been duly brought before the Circuit Judge on such writ, in order that the cause of his detention may be inquired into, the Supreme Court then has power to prohibit by writ of prohibition the wrongful discharge or unauthorized release of the person detained, when such release would be in derogation of the processes, jurisdiction, judgment or powers of another Court which had within its jurisdiction issued the process or order upon which the petitioner in habeas corpus is being held, when such remedy of prohibition is properly invoked in this Court to prevent a conflict of jurisdiction between the ·

---

[*]See Section 12 of Article V, State Constitution.

court issuing the writ of habeas corpus and the court upon whose process, judgment, decree or order the applicant for the writ is being detained. This procedure was the course followed and approved as the proper one in the recent case we had here from Volusia County heretofore cited. (See State ex rel. Frederick, Solicitor, v. Rowe, Judge, *supra*).

In the suggestion for issuance of the rule *nisi* it was alleged that the respondent Circuit Judge, who had issued a writ of habeas corpus to inquire into Perky's detention under the first writ of *ne exeat*, refused to make any order disposing of the case, although it was made to appear to him that Judge Trammell, who issued that writ of *ne exeat* had quashed it and ordered another to issue in its stead. This latter writ of *ne exeat* is alleged not to have been served because of the fact that the respondent Circuit Judge would not permit it to be served so long as the habeas corpus proceeding as to the first writ of *ne exeat* remained undisposed of.

By his return, the respondent Circuit Judge denies that he has refused to permit service of the second writ of *ne exeat* which was issued in lieu of the former writ after that writ was quashed. Respondent Judge also disclaims any intention, by his own judgment in the pending proceeding, or in any other habeas corpus proceeding, to undertake to invade the province of the Circuit Court of Dade County to have executed and observed the lawful processes of the latter court in Monroe County.

The Circuit Judge of the 20th Judicial Circuit in Monroe County had the unquestionable right to cause a writ of habeas corpus to issue in that County to inquire into the cause of the detention of any prisoner held in custody by the sheriff of Monroe County in that County. He also had jurisdiction to discharge the person held in custody under any process which appeared to him to be

absolutely without jurisdiction, or void, though it were issued by the Circuit Judge of another Circuit. But such Circuit Judge in Monroe County did not have any jurisdiction to discharge the prisoner from custody under the process of the Circuit Court of another county which was not without jurisdiction or void, but merely defective, irregular or insufficient in form or substance. Sullivan v. People, 224 Ill. 468, 79 N. E. 695; Glansman v. Ledbetter, 190 Ind. 505, 130 N. E. 230; People v. Paschal, 68 Hun. 344, 22 N. Y. Sup. 881, 29 C. J. 27 and 29. See also Ex parte Sirmans, 94 Fla. 832, 116 Sou. Rep. 282.

The writ of *ne exeat* is a writ in common use in equity. The authority to issue the writ is primarily based upon the inherent jurisdiction of a court of equity to prevent a person from leaving the jurisdiction until he gives security for his appearance or performance of a decree. It issues only on an equitable bill filed, and it is not necessary that a subpoena in chancery be first served on the party or simultaneously with the writ. On being arrested on a writ of *ne exeat* the defendant may immediately enter his appearance and demand a copy of the bill without waiting for the service of a subpoena. Note 118 Am. St. Rep. 997.

The writ of *ne exeat* is primarily a personal writ and intended to enable the Court to retain jurisdiction over the defendant. See Note 14 Am. Dec. 560. Being contrary to the absolute right of free locomotion as taught by the common law, the use of a writ of *ne exeat* was once done away with by Magna Carta, except in times of war, and even now this writ, like other special writs issued by a court of equity in the exercise of equitable jurisdiction, should be sparingly used and cannot be granted without regard to the relative mischiefs that the refusal or allowance of such writ would bring upon the respective parties. Note 118 Am. St. Rep. 990. See Lucas v. Hickman, 2 Stew. (Ala.) 111; 19 Am. Dec. 44. Excessive or unreasonable bail

should never be required, as the writ is a purely civil writ it should not be allowed to be used oppressively or in unnecessary violation of the defendant's constitutional right to personal freedom to go and come as he may please. Gilbert v. Colt, 1 Hopkins (N. Y.) Chap. 496, 14 Am. Dec. 557.

If a writ of *ne exeat* is improvidently or unnecessarily issued, it may be and should be promptly discharged upon application to the Court which issued it. Likewise if excessive or unreasonable security is required, it should be reduced or modified on motion to accord with equity and justice and to prevent oppression. But all questions relating to the amount of security to be required of the defendant, and relating to the continuance, modification, dissolution and discharge of such writs are primarily within the province of the Chancellor whose writ it is. Griswold v. Hazard, 141 U. S. 260, 11 Sup. Ct. 972, 999, 35 L. Ed. 678; Notes 14 Am. Dec. 563, 118 Am. St. Rep. 997, 7 L. R. A. 398.

This Court must presume that the respondent Circuit Judge of the 20th Judicial Circuit will accord to any writ of *ne exeat* issued from the Circuit Court of the 11th Judicial Circuit in Dade County, its proper legal effect, and that if any such writ of *ne exeat* appear to be the cause of detention of a person in custody as to whom a writ of habeas corpus has been issued by him, that the respondent Judge will make an appropriate order in accordance with the law governing such writs when executed in a Circuit other than in the territorial limits of the Circuit from which it issued. Therefore in the absence of some conclusive showing that the Circuit Judge of the 20th Judicial Circuit is actually undertaking to unlawfully invade the jurisdiction of the Circuit Court of Dade County with respect to the writ of *ne exeat* last issued (the first appearing to have been suspended), we must sus-

tain the respondent's return and discharge the rule *nisi* heretofore issued by us.

Rule *nisi* discharged and proceeding dismissed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.