HORTON, Judge.
The parties to this appeal were divorced in 1950 by a decree of a Wisconsin court. By the terms of the divorce decree, the appellant-wife was awarded the custody of the two minor children, with the provision that said children could not be removed from the State of Wisconsin without the mutual consent of the parties or by order of the court. On November 28, 1951, the Wisconsin court, upon a petition by the appellant, denied her the right to remove the children from the State of Wisconsin. After the aforesaid order, the appellant removed herself and the two minor children from the State of Wisconsin to Dade County, Florida. Thereafter, on April 14, 1958, appellant instituted this action to recover from the appellee certain alleged delinquencies in child support and to increase said support and maintenance on the basis of changed circumstances, namely, the necessity of the children and the financial ability of the appellee. Upon appellant’s ex parte *276 application, the chancellor issued a writ of ne exeat which directed the sheriff of Dade County to take the appellee into custody and provided that the appellee post a $25,000 bond. The writ was executed by the sheriff and the appellee was taken into custody. Thereafter, the appellee was released from custody by the chancellor upon the ex parte' application of his counsel and the bond reduced to $10,000 which the appellee posted. Following this, the appellee moved to quash the writ of ne exeat and also moved for summary decree. Apparently, the motion to quash the writ and the motion for summary decree were heard simultaneously with the appellant interposing her own affidavit in opposition to the motion for summary decree. The chancellor quashed the writ of ne exeat and discharged the appel-lee from the writ as well as the sureties on his bond. Twelve days later, the chancellor entered a final summary decree in favor of the appellee, finding that appellant had come into a court of equity with unclean hands and-, was therefore barred from relief. The appeal is from the final summary decree.
The appellee’s main contention on his motion for sunjrfiary decree was that the appellant had violated the final decree as well as the order supplemental thereto of the court of Wisconsin which prohibited her from removing the children from the State of Wisconsin without the mutual consent of the parties or an order of the court; that neither event had transpired, and therefore the appellant was not entitled to any relief in equity. The appellant’s affidavit in opposition to the motion for summary de'eree in effect charged that the appellee, a few days after the supplemental order of the Wisconsin court of November 28, 1951, advised her that he had changed his mind about her moving the children to Florida and that as a result the appellee consented to her removal of the children.to Florida and in fact drove them to the airport to board the plane for Florida. The appellee just as earnestly urges in his affidavit, that he had never consented to the appellant’s removing the children from the State of Wisconsin. It was upon the basis of these conflicting statements that the court granted a summary final decree. In this we conclude he was in error. The final decree of the Wisconsin court provided two conditions under which the children could be removed from that state, namely, by the mutual consent of the parties or an order of the court. Obviously the appellant had not obtained the authority of the Wisconsin court to remove the children; however, she affirmatively alleged, under oath, that the appellee had consented to such removal. The appellee in turn vigorously denied, under oath, that any consent had ever been given by him. This raised a genuine issue of a material fact that should not have been resolved by a summary decree.
The Supreme Court of Florida, as well as this court, has said on occasions too numerous to delineate, that the burden of demonstrating that no genuine issue of a material fact exists is upon the party moving for a summary judgment or decree, and when such moving party fails to demonstrate the absence of a genuine issue of material fact, the court is not warranted in granting a summary decree. The purpose of a summary decree is not to resolve conflicting issues of fact but for the court to ascertain and determine whether or not genuine issues of material fact exist and once such facts are shown to exist, the motion should be denied. Humphrys v. Jarrell, Fla.App.1958, 104 So. 2d 404, and cases cited therein.
The appellant further contends that the chancellor was without authority to quash the writ of ne exeat against the appellee. We find this contention to be without merit. Such a writ is primarily a discretionary writ and is ordinarily used to preserve the court’s jurisdiction over the defendant. Likewise, it is within the discretion of the chancellor who issued the writ to quash the same when application therefor is made to him. It is not a writ *277 that issues as a matter of right but as an aid to the court in the exercise of its jurisdiction. State ex rel. Perky v. Browne, 105 Fla. 631, 142 So. 247, 250.
Accordingly, the decree appealed from is reversed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.