170 So.2d 72 (1964)
Harry Lee YATES, Appellant,
v.
T.A. BUCHANAN, Director of Public Safety, Appellee.
No. 64-379.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Rehearing Denied January 14, 1965.
Engle, Pollack & Lewison, Miami, Ephraim Collins, Miami Beach, for appellant.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
CARROLL, Judge.
This is an appeal from a judgment of remand entered by the circuit court in a habeas corpus action. The appellant Harry Lee Yates, was convicted on December 29, 1959, in the criminal court of record in Dade County of receiving and concealing stolen property. A sentence was pronounced *73 promptly, for confinement for one year in the state prison.
The defendant instituted an appeal to the district court, but caused it to be dismissed in June of 1960. Thereupon, he moved in the criminal court of record for mitigation of his sentence. By that motion the defendant contended his physical condition was such that it would be harmful and inadvisable for him to be confined. The criminal court deferred ruling on the motion, and permitted the defendant to remain at liberty with instructions to submit a doctor's certificate as to his condition of ill health at ensuing terms of court. Presumably that was done and the court was satisfied from term to term that the physical condition of the defendant remained adverse, because the defendant continued at liberty on that basis for more than four years after having been convicted and sentenced.
Thereafter, following death of the trial judge, the matter came before another judge of the criminal court who ended the probation, such as it was, and issued a commitment order for the purpose of having the one year sentence of confinement carried into effect. The defendant then sought a writ of habeas corpus in the circuit court contending he was being illegally held under the commitment order. Habeas corpus was denied and the petitioner was remanded to the director of public safety.
The circuit judge was of the opinion that the orders under which the defendant was in custody were not void and that the sentence had not become unenforceable. He then properly refused to consider and determine the merits or the correctness vel non of the order of the criminal court of record under which the petitioner was held for confinement, in deference to the rule, to which the circuit judge made due reference, as pronounced by the Supreme Court of Florida in State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244, cited and followed by this court in the case of Clark v. State ex rel. Rubin, Fla.App. 1960, 122 So.2d 807.
The circuit judge gave due recognition to a limitation, imposed on the circuit court in a habeas corpus action which challenges custody or confinement under an order of another court as to which the circuit court has no appellate or supervisory jurisdiction, in which case the circuit court may question and determine the legality of the detention and release the party from orders of detention which are illegal and void, but is not free to grant the writ on a determination of irregularity, insufficiency in form or substance, or for other matters going to the propriety of the order. See Frederick v. Rowe, 105 Fla. 193, 140 So. 915, 916; State ex rel. Perky v. Browne, 105 Fla. 631, 142 So. 247, 250; State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244; Clark v. State ex rel. Rubin, Fla.App. 1960, 122 So.2d 807, 812.
We are, however, inclined to disagree with the able circuit judge regarding the legality of the order or orders under which the petitioner is now held in custody, and we hold that both the sentence and the recent commitment order of the criminal court are now illegal and void. This is so because, barring certain exceptions not applicable here, a sentence can not be postponed indefinitely or for any considerable period. Although the sentence was pronounced promptly in the present instance, its enforcement was held off for a matter of years, which created the same status, as far as the defendant was concerned, as though the sentence had not been pronounced. When a sentence is withheld beyond the period for which it could be imposed, it may not be put into effect thereafter. Bateh v. State, Fla.App. 1958, 101 So.2d 869; State v. Bateh, Fla. 1959, 110 So.2d 7; Helton v. State, Fla. 1958, 106 So.2d 79. What was done here was, in effect, a probation, but as such it was an illegal procedure for several reasons. Chapter 948, Fla. Stat., F.S.A., dealing with probation, provides in § 948.01(4) that probation can not be granted except under the custody of the parole commission. Here that was not done. Also, the statute provides that probation, *74 when allowed, be granted prior to sentencing (§ 948.01(3)), and it is provided, again with exceptions not pertinent here, that the period of probation may not extend more than two years beyond the maximum sentence applicable. § 948.04. Where probation thus exceeds the sentence, on termination of probation the sentence may not be imposed. § 948.04. That was the situation here, where by imposing the sentence the court had fixed the period of authorized confinement at a maximum of one year, and the probation arrangement was left in effect for more than four years. See State ex rel. Ard v. Shelby, Fla.App. 1957, 97 So.2d 631; Pickman v. State, Fla.App. 1963, 155 So.2d 646. It follows that the initial sentence was no longer enforceable and that no further sentence could be imposed. Under those circumstances the order of commitment was clearly illegal and void.
For the reasons stated the judgment in habeas corpus is reversed, and the cause is remanded with directions to grant the writ and discharge the petitioner.
It is so ordered.
BARKDULL, Chief Judge (concurring in part; dissenting in part).
I concur with so much of the above opinion, authored by Judge Carroll, as defines the jurisdiction of the circuit court to entertain a habeas corpus proceeding, wherein he makes the distinction between a detention as a result of a void order and those detentions which may have resulted because of an irregularity or because of an insufficiency in form or in substance. But, I respectfully dissent from so much of the opinion as directs that the appellant be released and discharged.
The appellant was duly convicted in the Criminal Court of Record in and for Dade County, Florida, and given a valid sentence of one year in the State Penitentiary. He thereafter sought an appeal of this conviction and sentence and, prior to its determination, voluntarily dismissed it. He then returned to the trial court and filed a motion in mitigation of sentence and, because of apparent medical problems, secured from the trial judge a deferment in the commencement of the service of his sentence which continued for a period of years although it was regularly reviewed by the trial judge at each term of court. Thereafter, the court determining that he was physically sound and that there were no further medical reasons for deferring the commencement of sentence, ordered the appellant to be detained and to commence to serve the sentence which resulted in the instant habeas corpus proceedings in the circuit court.
The delay in the beginning to serve the sentence by the appellant was occasioned upon his own request and was subsequent to a valid sentence having been imposed. It appears that there should be a distinction between the two cases cited in the majority opinion [see: Bateh v. State, Fla.App. 1958, 101 So.2d 869; State v. Bateh, Fla. 1959, 110 So.2d 7; Helton v. State, Fla. 1958, 106 So.2d 79], wherein the imposition of sentence is imposed subsequent to an adjudication of guilt, and the instant situation wherein there is a delay in the commencement to serve the sentence. This should be particularly so when the delay is self-induced as in the instant case. If the trial court committed any error in deferring the commencement of the sentence, it was induced by the appellant and he should not be permitted to take advantage of it. See: Williams v. State, Fla. 1953, 69 So.2d 766; Tribue v. State, Fla.App. 1958, 106 So.2d 630; 2 Fla.Jur., Appeals, § 313.
Therefore, for the reasons advanced, I will respectfully dissent from so much of the opinion as discharged the appellant.