PER CURIAM.
The appellant is a City Judge of the Municipal Court for the City of South Miami, Florida. It appears from the record that he was improperly made a respondent to a petition for habeas corpus filed by Randy Edes in the circuit court. Edes was found guilty in the Municipal Court for South Miami on three separate charges: (1) resisting arrest, (2) obstructing an officer in the lawful execution of his duty, and (3) assault and battery on a police officer. Bail pending appeal was set at a total of $2,266. Private counsel for Edes filed a *119 petition for writ of habeas corpus in the circuit court alleging that the supersedeas bond set by the municipal judge was far in excess of petitioner’s financial ability as well as the standards set by the Florida Supreme Court, and thus amounted to an unconstitutional denial of bond. In addition, the petition alleged facts which would have been properly the subject of an appeal although the appeal time had not run, i. e., that petitioner’s representation by an assistant public defender was wholly ineffective. A writ of habeas corpus was issued by the circuit judge directed to the Dade County Department of Corrections which at that time was holding the petitioner; the writ was also directed to the municipal judge. The case was set.--and. continued on several occasions, and on more than one occasion the city attorney who represented the municipal judge failed to appear when noticed.
Prior to the date set for the initial hearing, the circuit judge recognized^ the municipal judge’s error in setting ' the amount of the bond and entered an order releasing the petitioner from the Dade County Jail upon the posting of a $200 bond. This bond was posted and the petitioner was released. Thereafter, the’ Department of Corrections was dismissed as a respondent. The trial judge did not, however, discharge the writ but continued it in force against the municipal judge who is the appellant here.[1] Eventually, oñ- the seventh time that the matter was set before the circuit judge and upon the failure of the city attorney to appear, the trial judge entered a judgment quashing the decision of the municipal court of South Miami.,-vacating the sentences and adjudications imposed, and discharging the petitioner from his convictions in the municipal court.
Upon this record, it affirmatively-appears that the circuit judge misconceived the office of a petition for writ of habeas corpus. See McGuire v. Cochran, Fla. 1961, 135 So.2d 226; Buchanan v. State ex rel. Hunt, Fla.App.1965, 171 So.2d 186. The petition for habeas corpus should have been dismissed at the time that the respondent, Dade County Department of Corrections, was dismissed.
Accordingly, the final judgment is reversed and the cause is remanded with directions to dismiss the petition.
Reversed and remanded.

. The person to be named as the respondent in a habeas corpus action is the party holding custody and who is in a position to produce petitioner physically. The judge .who entered the order as a result of which the petitioner was placed in custody should not be made respondent. Clark v. State, Fla.App. 1960, 122 So.2d 807, 809.