PER CURIAM.
Carl E. Williams petitions this Court seeking enforcement of mandate or any other appropriate relief, yfe dismiss the petition.
Williams initially filed a petition for writ of habeas corpus in • the Third Judicial Circuit of Florida. The trial judge dismissed'the petition. On appeal, this Court remanded the' case to the trial court for consideration on the merits. During pen-dency of the appeal, appellant was transferred to a‘correctional institution in Jackson County. Accordingly, the trial judge on remand dismissed the petition based on lack of jurisdiction.
As noted in Magnus v. State, 738 So.2d 446, 447 (Fla. 4th DCA 1999), “When it is apparent to a trial court that a petition for habeas corpus has been filed in the wrong court, it could save an unnecessary appeal which could substantially delay the release of a wrongfully incarcerated person, if the trial court would transfer the petition to the proper court.” Although the trial judge below could have transferred Williams’ petition to the appropriate circuit court, the expedient course of action at this time would be for Williams to refile his petition for writ of habeas corpus in the circuit court which presently has jurisdiction.
Accordingly, the petition is dismissed without prejudice to appellant filing a petition for writ of habeas corpus in the circuit court of the county in which he is incarcerated.
BARFIELD, C.J. and WEBSTER, J.,. CONCUR. BENTON, J., DISSENTS, WITH OPINION . .