PER CURIAM.
After the juvenile L.W.P. was found in direct contempt of court by the circuit .court, Seventh judicial Circuit, and sentenced to five days secure detention in the Alachua Regional Juvenile Detention Center, Petitioner, Florida Department of Juvenile Justice, filed a petition for writ of habeas corpus in this Court contending that L.W.P. was being illegally detained.[1] While L.W.P. has served the five days secure detention, since the issues involved here “will recur, yet evade review because of the short period of time that a juvenile will be detained” we decline to dismiss the petition as moot. State v. S.M., 131 So.3d 780, 783 (Fla.2013); see also K.E. v. Dep’t of Juvenile Justice, 963 So.2d 864, 866 (Fla. 1st DCA 2007). Sinee the circuit *1285 court did not consider “if alternative sanctions are unavailable or inappropriate” and since there is no evidence that “the child has already been ordered to serve an alternative sanction but failed to comply with the sanction,” L.W.P. could not be “placed in a secure facility for purposes of punishment for contempt of court.” § 984.09(2) and 4(c), Fla. Stat. (2015); see also A.A. v. Rolle, 604 So.2d 813, 815 (Fla.1992) (“the sanctions to be used by the courts in punishing contempt may properly be limited by statute”). The petition for habeas corpus is therefore granted.
PETITION GRANTED.
OSTERHAUS, BILBREY, and KELSEY, JJ., concur.

. The Fifth District Court of Appeal has jurisdiction over direct appeals from the Seventh Judicial Circuit. § 35.043, Fla. Stat. (2015). We have jurisdiction to address the petition despite the contempt order being issued from the Seventh Judicial Circuit, because the juvenile was, being detained in Alachua County, Eighth Judicial .Circuit, which is within the territorial jurisdiction of this Court. See Alachua Reg’l Juvenile Det. Ctr. v. T.O., 684 So.2d 814 (Fla.1996); § 35.02, Fla. Stat. (2015).