# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case Nos. 6D2023-3814, 6D2023-3954
CONSOLIDATED
Lower Tribunal Nos. 23-1978CA and 23-3956CA

———————————————

MARK JONES,

Appellant,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,

Appellee.

———————————————

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Charlotte County.
Geoffrey H. Gentile, Judge.

January 10, 2025

PER CURIAM.

Appellant Mark Jones challenges the lower court's orders transferring his "Petition for Writ of Habeas Corpus in Alternative a Writ of Mandamus" and subsequent "Petition for Writ of Habeas Corpus/in Alternative a Writ of Mandamus" from Charlotte County to Leon County.[1] Jones, who at the time of filing the petitions

---

[1] These appeals have been consolidated for the purposes of this opinion.

was incarcerated at Charlotte Correctional Institution, challenges his assignment to the "Close Management II" housing classification following a disciplinary infraction.[2]

Jones argues, and we agree, that the transfer orders were in error because the petitions are appropriately construed as habeas petitions for which venue is proper in the county where Jones is incarcerated. *See Banks v. Jones*, 232 So. 3d 963, 966 (Fla. 2017) (holding that a petition for writ of habeas corpus is the correct mechanism for a prisoner to challenge their assignment to close management); *Alachua Reg'l Juv. Det. Ctr. v. T.O.*, 684 So. 2d 814, 816 (Fla. 1996) ("If a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained."). Accordingly, we reverse the transfer orders and remand for Jones's petitions to be addressed on the merits by the circuit court of the county in which Jones is currently incarcerated.[3]

REVERSED and REMANDED.

STARGEL, NARDELLA and WOZNIAK, JJ., concur.

---

[2] Close management is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." Fla. Admin. Code R. 33–601.800(1)(a).

[3] On June 13, 2024, Jones filed a notice in this Court which indicates he has since been transferred to Taylor Correctional Institution in Taylor County.

Mark Jones, Perry, pro se.

Charles T. Martin, Jr., Assistant General Counsel, of the Florida Department of Corrections, Tallahassee, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED