# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-4334
Lower Tribunal No. 23-4243CA

_____

MARK JONES,

Appellant,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Charlotte County.
Geoffrey H. Gentile, Judge.

August 1, 2025

PER CURIAM.

Appellant, Mark Jones ("Jones"), appeals the lower court's order converting his Petition for Writ of Habeas Corpus into a Petition for Writ of Mandamus and transferring the petition from Charlotte County to Leon County. While incarcerated in Charlotte County, Jones was transferred to the "Close Management II" housing classification following a disciplinary infraction and he remained there following a

six-month review.[1]  Jones filed a Petition for Writ of Habeas Corpus challenging his continued detention in Close Management II, which the trial court converted into a Petition for Writ of Mandamus.  The trial court transferred the petition to Leon County on the ground that the proper venue for filing a petition for writ of mandamus against a state agency is the county in which the agency maintains its headquarters.

Jones properly filed his petition as a petition for writ of habeas corpus in Charlotte County. *See Banks v. Jones*, 232 So. 3d 963, 966 (Fla. 2017) (holding that a petition for writ of habeas corpus is the correct mechanism for a prisoner to seek release from close management); *Jones v. Dep't of Corr.*, 399 So. 3d 399, 399 (Fla. 6th DCA 2025) (applying *Banks* to a petition challenging assignment to Close Management II); *Alachua Reg'l Juv. Det. Ctr. v. T.O.*, 684 So. 2d 814, 816 (Fla. 1996) ("If a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained.").

---

[1] Close management is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." Fla. Admin. Code R. 33–601.800(1)(a).  Inmates in close management are reviewed "at least once every six months or as often as necessary to determine if continuation, modification, or removal from [close management] status is appropriate." Fla. Admin. Code R. 33-601.800(16)(e).

Accordingly, we reverse the transfer order and remand for Jones's petition to be addressed by the circuit court in Charlotte County.[2]

REVERSED and REMANDED.

NARDELLA and MIZE, JJ., concur.
WHITE, J., dissents, without opinion.


Mark Jones, Perry, pro se.

James Uthmeier, Attorney General, Tallahassee, and Lydon Schultz, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] During the pendency of this appeal, Jones was transferred to a correctional institution in Taylor County. Whether a prisoner's transfer to a facility in a different county during the pendency of an already-filed petition for writ of habeas corpus requires the petition to be dismissed or transferred to the new county is an issue which the trial court has not yet addressed and on which the district courts of appeal have disagreed. *Compare Owens v. Dep't of Corr.*, 283 So. 3d 440 (Fla. 3d DCA 2019) *and Williams v. Fla. Parole Comm'n*, 760 So. 2d 959 (Fla. 1st DCA 2000), *with Perkins v. State*, 766 So. 2d 1173, 1175 (Fla. 5th DCA 2000). Since the trial court has not transferred the petition to the county in which Jones now resides and that issue is not presented in this appeal, we do not address it. The trial court may address this issue, if appropriate, in the proceedings below after entry of the mandate in this case.