ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO FOURTH DISTRICT COURT OF APPEAL

Petitioners filed a petition for writ of habeas corpus in the Supreme Court of Florida challenging, among other things, the constitutionality of their pretrial detention under sections 916.31-49, Florida Statutes (Supp.1998), commonly known as the Jimmy Ryce Act. On April 5, 1999, the Supreme Court of Florida transferred the petition to this court.
Although the challenged orders were issued in Pinellas County by a judge of the Sixth Judicial Circuit, the petition alleges that the petitioners are all being detained in a facility in Martin County. This court accordingly issued an order to show cause asking the parties to address whether this court was the proper forum for this proceeding or whether this proceeding should be transferred to the Fourth District Court of Appeal.
Petitioners filed a response to the order to show cause; respondents filed a reply to petitioners’ response, as well as a supplemental reply. Having carefully considered these filings, we decline to exercise jurisdiction over the petition and transfer it, pursuant to Florida Rule of Appellate Procedure 9.040(b), to the Fourth District Court of Appeal. We determine that the Fourth District Court of Appeal is the appropriate court to resolve the issues raised by the petition.
This court has no constitutional power to issue a writ requiring the petitioners’ release from detention in the Martin County facility if it is ultimately determined that their detention is void or illegal. See Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814, 816(Fla.1996). The Fourth District Court of Appeal does. Id. We therefore decline to exercise our habeas corpus jurisdiction over the petition.
We also decline to exercise our cer-tiorari jurisdiction. As respondents point out, all of the orders determining probable cause were rendered more than thirty days prior to the petition being filed in the Supreme Court of Florida. Although the order denying petitioners’ request for appointment of a confidential mental health professional was rendered within thirty days of the petition’s filing, we believe this order should be reviewed in conjunction with petitioners’ other challenges to the Jimmy Ryce Act.
We accordingly transfer the petition to the Fourth District Court of Appeal.
ALTENBERND, A.C.J., and WHATLEY and CASANUEVA, JJ., v Concur.