872 So.2d 217 (2002)
Charles MURRAY, Petitioner,
v.
Jerry REGIER, etc., et al., Respondents.
Nos. SC01-100, SC01-174.
Supreme Court of Florida.
December 5, 2002.
Rehearing Denied April 23, 2004.
*219 Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, Miami, FL, for Petitioner.
Richard E. Doran, Attorney General, and Richard L. Polin and Margaret Brenan, Assistant Attorneys General, Miami, FL, for Respondent.
HARDING, Senior Justice.
We have for review Murray v. Kearney, 770 So.2d 273 (Fla. 4th DCA 2000), on the basis of express and direct conflict with this Court's opinion in Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814 (Fla.1996). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Murray also filed a petition for a writ of habeas corpus with the Court. We granted review of both matters and consolidated them for purposes of oral argument.
This case has a long and rather convoluted procedural history. Charles Murray is currently being detained in a state treatment center pending his commitment trial under the Jimmy Ryce Act (the Act).[1] Murray was convicted in Dade County of attempted capital sexual battery on a minor child through a plea agreement in which he agreed to a term of incarceration followed by probation with the condition that he complete a sex offender treatment program. After Murray served the incarcerative portion of his sentence, but prior to his release for probation, the State filed a petition to have Murray civilly committed as a sexually violent predator under the Act. Murray then filed a motion for specific performance of his criminal plea agreement, arguing that he should be released to serve the agreed-upon probation. After a hearing on the motion, the trial court denied Murray's motion.
Murray then filed a petition for writ of habeas corpus with the Fourth District Court of Appeal,[2] seeking his release from the treatment center based upon an alleged violation of his constitutional right to *220 due process. The Fourth District Court concluded that it did not have jurisdiction over the circuit court that ordered Murray's pretrial detention under the Act and transferred the habeas petition to the Third District Court of Appeal.[3] The Third District Court concluded that it lacked jurisdiction over the habeas petition because Murray was not confined in the court's territorial jurisdiction and transferred the petition back to the Fourth District Court. The Fourth District Court then dismissed the petition, without prejudice to Murray to seek a written order on his motion for specific performance of the plea agreement and to seek review of that order in the Third District Court of Appeal. On Murray's motion for rehearing, clarification, or certification, the Fourth District Court withdrew its order of dismissal and ordered the State to respond to Murray's petition. The Fourth District Court then issued an opinion concluding that it did not have jurisdiction and once again dismissed Murray's petition. The district court noted that habeas relief is unavailable where an appeal is available and concluded that Murray should have appealed the order of civil commitment, appealed the denial of his motion to enforce the plea, or moved to withdraw his plea. Upon Murray's motion for rehearing, the Fourth District Court withdrew this opinion and issued a substitute opinion on November 1, 2000, which is the subject of the instant proceedings. See Murray v. Kearney, 770 So.2d 273 (Fla. 4th DCA 2000).
In the opinion under review, the Fourth District Court again stated that it did not have jurisdiction to consider the merits of Murray's petition and dismissed it. See id. at 274. The district court stated that its habeas jurisdiction was limited to determining whether the challenged order was entered without jurisdiction or was illegal. The district court cited this Court's opinion in Alachua Regional, which addressed the scope of review when the court entertaining a habeas petition does not have supervisory or appellate jurisdiction over the court that issued the order under challenge. See Murray, 770 So.2d at 274. Under this inquiry, the Fourth District Court determined that Murray was not entitled to relief because the trial court that issued the commitment order had jurisdiction over the cause and the order was legal. See id. at 274-75. The district court noted that Murray's civil commitment was not a continuation of his incarceration from the plea because the criminal case involved a totally separate proceeding. The court further noted that Murray had not raised an argument that his confinement violates the requirements of the Act. See id. In a footnote, the district court characterized Murray's claim as "alleging an equitable estoppel against the state pursuing civil commitment" because he had substantially changed his position by agreeing to the plea and sentence seven years before and that he had not received the bargained-for benefit of release from confinement. See id. at 275 n. 4.
After the district court dismissed Murray's habeas petition, he filed a notice to invoke the discretionary jurisdiction of this Court based on express and direct conflict and also filed a habeas petition with this Court, arguing that his civil commitment order is illegal because it violates his due process right to specific performance of his plea agreement. We granted review in both cases and consolidated them for all *221 appellate purposes. We resolve this matter on the basis that the Fourth District Court's decision is in conflict with this Court's opinion in Alachua Regional. For the reasons discussed below, we conclude that the Fourth District Court did not correctly apply Alachua Regional to the facts of the instant case.
In Alachua Regional, this Court explained the scope of review when a court entertaining a habeas corpus petition does not have supervisory or appellate jurisdiction over the court that issued the order or other process under challenge. See 684 So.2d at 816. Under such circumstances, the scope of the reviewing court's jurisdiction is limited to whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal. Id. "The reviewing court may not discharge the detainee if the detention order is merely defective, irregular, or insufficient in form or substance." Id.
In the instant case, the Fourth District Court dismissed Murray's habeas petition, concluding that it "[did] not have jurisdiction." Murray, 770 So.2d at 274. The district court concluded that under Alachua Regional Murray's commitment order was not illegal because the trial court had jurisdiction over the matter and the order did not violate the procedural requirements of the Act. See id. at 274-75.
Murray contends that no court has ever considered the merits of his constitutional claim, that is, that the civil commitment violates his constitutional right to due process because the plea agreement in his criminal case specified that he would receive sex offender treatment while on probation supervision in the community. The procedural history of this case, recounted above, indeed reflects that Murray has been frustrated in his efforts to have the merits of his habeas claim considered by some court. While the scope of habeas inquiry by a court that does not have supervisory or appellate jurisdiction over the court which issued the order under challenge "is limited to whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal," Alachua Regional, 684 So.2d at 816, this limited inquiry does not foreclose constitutional challenges to pretrial detention or leave a petitioner like Murray without an avenue to bring such a challenge. Under the Fourth District Court's interpretation of Alachua Regional, a claim of illegality only encompasses the statutory or procedural requirements of the Act, and not constitutional claims like Murray's. As this Court explained in Haag v. State, 591 So.2d 614, 616 (Fla. 1992), while the right to habeas relief "is subject to certain reasonable limitations consistent with [its] full and fair exercise," it "should be available to all through simple and direct means, without needless complication or impediment, and should be fairly administered in favor of justice and not bound by technicality." Further, "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979); see also In re Beverly, 342 So.2d 481 (Fla.1977) (recognizing that civil commitment to a mental institution involves a deprivation of liberty and thus due process guarantees must be provided).
In light of these principles, we conclude that the Fourth District Court has interpreted the term "illegal" too narrowly. Under Alachua Regional, the reviewing court may discharge the detainee if the detention order is "void or illegal," but not if the order "is merely defective, irregular, or insufficient in form or substance." 684 So.2d at 816. A challenge to the form or substance of an order implies *222 that something is lacking in the order or that it contains an imperfection or shortcoming. Alachua Regional followed a long line of cases that recognized similar limitations on a circuit court's habeas review. See, e.g., State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973) (holding that circuit court may entertain habeas corpus proceeding and discharge petitioner held under an illegal or void order issued by a court over which there is no appellate jurisdiction, but may not review "the legal sufficiency of the order"); Janes v. Heidtman, 272 So.2d 207, 208 (Fla. 4th DCA 1973) (permitting reviewing court without appellate jurisdiction to discharge a person based on illegality of order, but not upon a determination of irregularity, insufficiency in form or substance or for other matters going to the propriety of the order). Under this precedent, a reviewing court without supervisory or appellate jurisdiction over the court that issued the detention order may not entertain a challenge to the form of the order. In approving the district court's determination that the detention order in Alachua Regional was illegal, we noted that the "court did not pass on the sufficiency of the form or substance of the order or any other matter going to the propriety of the order." 684 So.2d at 816-17. Even under the limited inquiry of Alachua Regional, the reviewing court is "permitted to view the detention order in light of the relevant facts and law." Id. at 817. If the challenged detention order was determined to be in violation of the petitioner's constitutional guarantee of due process, then the order would clearly be "illegal" and not merely defective, irregular, or insufficient in form or substance. See also Valdez v. Moore, 745 So.2d 1009, 1012 (Fla. 4th DCA 1999) (granting petition for writ of habeas corpus based on a due process challenge by petitioners detained under the Jimmy Ryce Act without a probable cause hearing).
The State argues that Murray should simply wait until the civil commitment process is complete and then raise his constitutional challenge on appeal. However, as Murray points out in his brief, he has already been held in pretrial detention for more than three years after his criminal incarceration expired.[4] Such lengthy pretrial detentions are apparently not uncommon in civil commitment proceedings under the Act, at least up to this point in time. See The Florida Legislature, Office of Economic & Demographic Research, Criminal Justice Sexually Violent Predator Program, Time from Referral to Trial to Commitment or Release (visited November 20, 2002) http://www.state.fl.us/edr/Conferences/ Criminal Justice/predator.htm> (statistical chart indicating that the average time from referral to sexually violent predator program to trial for individuals committed under the Act is 683 days). A detainee should not be foreclosed from raising a constitutional claim pretrial if the resolution of that claim could end a lengthy pretrial detention. Indeed, the traditional purpose of the writ of habeas corpus is to furnish a speedy hearing and remedy to one whose liberty is unlawfully restrained. See Janes, 272 So.2d at 208; see also Leichtman v. Singletary, 674 So.2d 889, 892 & n. 1 (Fla. 4th DCA 1996) (recognizing that although rule 3.850 "completely superseded habeas corpus as the means of collateral attack of a judgment and sentence" habeas remains available to test pretrial detention).
Because Murray is being detained in the territorial jurisdiction of the Fourth District Court of Appeal and he raises constitutional issues regarding his detention, *223 the Fourth District Court was the proper court to rule upon his petition for habeas corpus. See Alachua Regional, 684 So.2d at 816 (recognizing that prisoner should file habeas petition in the district court which has territorial jurisdiction over the prison where the prisoner is detained and noting that proper respondent in a habeas petition is the party that has actual custody and is in a position to physically produce the prisoner); Valdez v. Moore, 745 So.2d 964 (Fla. 2d DCA 1999) (declining to exercise jurisdiction over habeas petition challenging constitutionality of pretrial detention under Jimmy Ryce Act where petitioners were detained in the territorial jurisdiction of the Fourth District Court of Appeal and transferring petition to the Fourth District Court); see also § 79.01, Fla. Stat. (2000) ("[T]he court, justice, or judge to whom such application is made shall grant the writ forthwith, against the person in whose custody the applicant is detained."). Further, as explained above, Murray's constitutional claim questions the legality of his civil commitment order and thus falls within the parameters of Alachua Regional and should have been addressed by the Fourth District Court.
Despite our conclusion that the Fourth District Court should have considered the merits of Murray's claim that his civil commitment order is illegal because it violates his constitutional right to due process, we conclude that Murray is not entitled to relief on this claim.[5] The plea agreement was part of a criminal proceeding against Murray whereas the commitment order was entered in a civil proceeding based upon clinical evaluations of Murray's present state. In February and March 1999, two psychologists evaluated Murray and concluded that he suffers from an antisocial personality disorder and should be considered a sexually violent predator as defined by the Act.[6] Based upon these evaluations and Murray's previous conviction of a sexually violent offense, the State filed a petition for involuntary civil commitment under the Act. After reviewing the State's petition and its attachments, the circuit court determined that there was probable cause to believe that Murray is a sexually violent predator as defined in the Act and is eligible for commitment. Thus, Murray's involuntary commitment cannot be considered continued punishment for his criminal offense, but was based upon clinical evaluations of his present state. While Murray's previous conviction of a sexually violent offense satisfies one of the statutory criteria of a sexually violent predator, the other requirement is not related to his previous conviction.
In Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), the United States Supreme Court addressed several constitutional challenges to a similar *224 Kansas statute which provides for the involuntary commitment of sexually violent predators. The Supreme Court concluded that the Kansas statute was civil, not punitive, and thus did not violate substantive due process, ex post facto, or double jeopardy guarantees. The Supreme Court recognized that commitment as a sexually violent predator constitutes a separate proceeding from the criminal action that was based on the individual's sexually violent offense. In rejecting Hendricks' claim that his commitment as a sexually violent predator violates the constitutional prohibition on double jeopardy, the Supreme Court noted "[i]f an individual otherwise meets the requirements for involuntary civil commitment, the State is under no obligation to release that individual simply because the detention would follow a period of incarceration." Id. at 370, 117 S.Ct. 2072. Further, in Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966), the Supreme Court expressly recognized that civil commitment could follow the expiration of a prison term without offending double jeopardy principles. The Supreme Court reasoned that "there is no conceivable basis for distinguishing the commitment of a person who is nearing the end of a penal term from all other civil commitments." Id. at 111-12, 86 S.Ct. 760.
Thus, we conclude that any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on a subsequent involuntary civil commitment for control, care, and treatment. Consequently, Murray's constitutional claim is without merit and he was not entitled to release from detention on this basis.
For the reasons expressed above, we quash the decision below but conclude that Murray has not presented a claim that warrants dismissal of his commitment under the Act. We also deny Murray's petition to this Court for habeas corpus and remand this cause to the district court with direction that habeas relief be denied.
It is so ordered.
SHAW, WELLS, and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion, in which ANSTEAD, C.J., concurs.
PARIENTE, J., recused.
QUINCE, dissenting.
I disagree with the majority's determination that the Third District Court of Appeal did not have jurisdiction to address Murray's petition for writ of habeas corpus. The Third District was the district court with appellate jurisdiction over the circuit court that entered the order of confinement; therefore, the Third District has jurisdiction in this matter.
The majority requires that the writ of habeas corpus be filed in the Fourth District Court of Appeal solely because Murray was confined within the territorial jurisdiction of the Fourth District at the time of filing the petition, relying on Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814, 816 (Fla.1996). In Alachua Regional, this Court held that an appellate court may not consider a defendant's writ of habeas corpus when the defendant is confined outside the territorial jurisdiction of that appellate court, reasoning that article V, section 4(c) of the Florida Constitution restricted the appellate court's subject matter jurisdiction. Article V, section 4(c) provides:
Each district court of appeal shall appoint a clerk and a marshal who shall hold office during the pleasure of the court and perform such duties as the court directs. Their compensation shall be fixed by general law. The marshal *225 shall have the power to execute the process of the court throughout the territorial jurisdiction of the court, and in any county may deputize the sheriff or a deputy sheriff for such purpose.
In Alachua Regional, this Court interpreted article V, section 4(c) as limiting the marshal's power to the physical boundaries of the district court's territorial jurisdiction. However, the second clause of the last sentence of article V, section 4(c) permits the marshal to deputize the sheriff or a deputy sheriff to execute the process of the court in any county. This clause, setting forth the powers and authority of the marshal, does not limit the appellate court's jurisdiction; to the contrary, it authorizes the marshal to deputize a sheriff or deputy sheriff in any county for the purposes of executing that appellate court's judgment.[7]
Furthermore, article V, section 4(b)(3) of the Florida Constitution explicitly authorizes a district court to consider a petition for writ of habeas corpus challenging the confinement of the petitioner when the circuit court within that district court's territorial jurisdiction entered the order of confinement. This provision states, in pertinent part, that a "district court of appeal or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof or before any circuit judge within the territorial jurisdiction of the court."
In addition, Florida Rule of Appellate Procedure 9.141(c)(2) requires a defendant seeking a belated appeal or alleging ineffective assistance of appellate counsel to file a petition for writ of habeas corpus in the appellate court that heard the defendant's direct appeal. See Richardson v. State, 624 So.2d 804 (Fla. 1st DCA 1993). There is no logical reason to require a defendant filing a petition for writ of habeas corpus which challenges an order of confinement as illegal to be treated differently. Although a defendant was required to file a writ of habeas corpus in the county where he or she was incarcerated before the adoption of Criminal Procedure Rule No. 1 (now Florida Rule of Criminal Procedure 3.850), see State v. Broom, 523 So.2d 639, 640 (Fla. 2d DCA 1988), after the United States Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and the flood of petitions that decision prompted, this Court adopted rules for postconviction relief to simplify and expedite the postconviction process. See Roy v. Wainwright, 151 So.2d 825 (Fla.1963). Under these new rules, a defendant is required to file a motion for postconviction relief in the same court that imposed the judgment or sentence that the defendant is collaterally attacking as the court that tried the defendant is considered the "best equipped" to consider that defendant's collateral attack. See Leichtman v. Singletary, 674 So.2d 889, 892 (Fla. 4th DCA 1996). For the same reasons this Court has required a defendant to seek postconviction relief in the same court that imposed the conviction and sentence, it should also require the defendant to seek habeas relief in the appellate court having territorial jurisdiction over the circuit court that issued an order of confinement or commitment.
Finally, to require a defendant to seek habeas relief based on a challenge to his or her confinement or commitment in the jurisdiction where he or she is confined would also put an unfair burden on those jurisdictions where such facilities are located, as in the case of Jimmy Ryce Act *226 confinements, because most of the individuals are confined in one facility.
For these reasons, I would recede from Alachua Regional to the extent that it relies on article V, section 4(c) for its conclusion that the district courts of appeal lack "the constitutional power to issue a writ directed to a person outside the district court's territorial jurisdiction." 684 So.2d at 816.
I also disagree with the majority's determination that Murray is not entitled to habeas relief. Whether or not the defendant is entitled to habeas relief is an issue better left to the court with jurisdiction over this habeas petitionthe Third District. Moreover, the Third District also has jurisdiction over the trial court that entered the judgment and sentence that included the terms of probation. I would send this case to the Third District to answer all questions presented in this habeas petition.
ANSTEAD, C.J., concurs.
NOTES
[1] See §§ 394.910-394.930, Fla. Stat. (2000). As enacted in 1998, the Jimmy Ryce Act appeared in chapter 916, which is entitled "Mentally Deficient and Mentally Ill Defendants." See §§ 916.31-916.49, Fla. Stat. (Supp.1998); ch. 98-64, at 445-455, Laws of Fla. After the Act went into effect on January 1, 1999, it was transferred to chapter 394, which is entitled "Mental Health." See ch. 99-222, at 1372, Laws of Fla.
[2] At the time that he filed his habeas petition, Murray was being held in the Martin County Treatment Center, which is under the territorial jurisdiction of the Fourth District Court of Appeal. Murray was subsequently transferred to the South Bay Correctional Facility, where he remains detained.
[3] The pretrial detention order was entered by the circuit court in Dade County, which has jurisdiction over Murray's commitment proceeding. This court is under the appellate jurisdiction of the Third District Court of Appeal.
[4] Murray was scheduled to be released from prison on March 1, 1999.
[5] Once this Court accepts jurisdiction over a cause in order to resolve a legal issue in conflict, we have jurisdiction over all issues. See Savoie v. State, 422 So.2d 308 (Fla.1982). Our authority to consider issues other than those upon which jurisdiction is based is discretionary and is exercised only when these other issues have been properly briefed and argued and are dispositive of the case. See Savona v. Prudential Ins. Co. of America, 648 So.2d 705, 707 (Fla.1995). We consider Murray's constitutional claim under this authority.
[6] Section 394.912(10), Florida Statutes (2000), defines a sexually violent predator as any person who "[h]as been convicted of a sexually violent offense" and who "[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."
[7] Article V, section 5(b) of the Florida Constitution, a similar provision addressing the circuit court's jurisdiction, has no corresponding limitation.