842 So.2d 1018 (2003)
Stephen SANDILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2782.
District Court of Appeal of Florida, Fifth District.
April 17, 2003.
Stephen Sandillo, Arcadia, pro se.
No Appearance for Appellee.
THOMPSON, C.J.
Stephen Sandillo ("Sandillo") appeals the summary denial of his second motion filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Pursuant to a negotiated plea agreement, Sandillo pleaded no contest to a charge of failure to report his address to the Department of Motor Vehicles, a third-degree *1019 felony.[1] In exchange for his plea, the state dropped two pending charges of committing a lewd and lascivious act on or in the presence of a child, and Sandillo received a downward departure sentence. After he completed his prison sentence, he was transferred to the custody of the Department of Children and Family Services pursuant to the Jimmy Ryce Act.[2] In his first Rule 3.850 motion, filed on 19 January 2001, Sandillo alleged that his counsel was ineffective. This motion was summarily denied in an order dated 2 May 2001. Sandillo did not appeal the order. He filed his second 3.850 motion on 20 June 2002, and it too was summarily denied. Sandillo appeals the latter order and raises two grounds in support of his appeal.
First, Sandillo argues that his plea was involuntary because the state failed to establish a factual basis for it. He acknowledges that the factual basis for the plea was the police report contained in the court file, but urges that the report was "inadequate." Sandillo is not entitled to relief on this claim because it is plainly one that could or should have been raised in his first Rule 3.850 motion. Thus, his claim is procedurally barred under Rule 3.850(f), which prohibits successive motions. See also Moore v. State, 820 So.2d 199 (Fla.2002).
Second, Sandillo claims that he is entitled to specific performance of his plea agreement with the state, urging that his plea agreement did not contemplate civil commitment pursuant to the Jimmy Ryce Act. Sandillo relies on Harris v. State, 27 Fla. L. Weekly D946, ___ So.2d ___, 2002 WL 731699 (Fla. 1st DCA Apr.26, 2002). Harris held that a defendant was entitled to specific performance of his plea agreement, i.e., a thirteen-month prison sentence and no civil commitment pursuant to the Jimmy Ryce Act. More recently, however the supreme court held that relief is not available on this theory:
Thus, we conclude that any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on the subsequent involuntary civil commitment for control, care, and treatment. Consequently, Murray's constitutional claim is without merit and he was not entitled to release from detention on this basis.
Murray v. Regier, 27 Fla. L. Weekly S1008, S1010, ___ So.2d ___, ___, 2002 WL 31728885 (Fla. Dec. 5, 2002); see also Satz v. Runion, 838 So.2d 689 (Fla. 4th DCA Mar.5, 2003).
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] Sandillo had a prior sex offense conviction in Connecticut. As a convicted felon, he was required to register each change of address. See generally §§ 775.21 and 943.0435, Fla. Stat.
[2] §§ 394.910-931, Fla. Stat. (1999).