847 So.2d 980 (2002)
Bernardo GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4694.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Opinion Granting Rehearing April 30, 2003.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the trial court's order denying appellant's motion to enforce a plea agreement, without prejudice to raising this issue in the civil commitment proceedings under sections 394.910-.931, Florida Statutes (1999) (the Jimmy Ryce Act). See Murray v. Kearney, 770 So.2d 273 (Fla. 4th DCA 2000); Pearman v. State, 764 So.2d 739 (Fla. 4th DCA 2000).
POLEN, C.J., STONE, J., and DAVIDSON, LISA, Associate Judge, concur.

ON MOTION FOR REHEARING
POLEN, C.J.
We hereby grant appellee's motion for rehearing as a result of the recent Florida Supreme Court opinion, Murray v. Regier, 27 Fla. L. Weekly S1008, ___ So.2d ___, 2002 WL 31728885 (Fla. Dec. 5, 2002).
Bernardo Garcia brought this appeal contesting the state's ability to file a petition to commit him under the Jimmy Ryce Act, section 394.910-931, Florida Statutes (1999), in light of a previous plea agreement entered between Garcia and the State. The trial court denied Garcia's motion to specifically enforce the plea and this court has repeatedly affirmed that decision.
In our previous opinion we noted that we affirmed the decision of the trial court without prejudice which would allow Garcia to raise this claim at the final commitment proceeding. See Garcia v. State, 28 Fla. L. Weekly D194 (Fla. 4th DCA Jan.8, 2003). However, since the issuance of our opinion, the Florida Supreme Court has issued an opinion in Murray v. Regier, 27 Fla. L. Weekly S1008 (Dec. 5, 2002). In Murray, the supreme court noted that "any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on a subsequent involuntary civil commitment for control, care, and treatment." Id. As a result, we now affirm the decision of the trial court and recognize that based on Murray, Garcia's claim that the state breached his plea agreement by filing the Jimmy Ryce petition is without merit.
STONE, J., and DAVIDSON, LISA, Associate Judge, concur.