849 So.2d 1178 (2003)
Aaron MARSH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1954.
District Court of Appeal of Florida, Third District.
July 23, 2003.
*1179 Charles G. White, for appellant.
Charles J. Crist, Jr., Attorney General and Richard L. Polin, Senior Assistant Attorney General, for appellee.
Before LEVY, GERSTEN, and GREEN, JJ.
GREEN, J.
Appellant, Aaron Marsh, appeals an order denying his petition for writ of error coram nobis following an evidentiary hearing. We affirm.
Marsh was charged with three counts of aggravated battery, one count of false imprisonment, and two counts of simple battery. Marsh accepted a plea offer from the state by which he agreed to plead guilty in exchange for a sentence of two years incarceration followed by 18 months probation under "Gort Act" status.[1] Shortly before his scheduled release from prison, the state filed a petition seeking the involuntary civil commitment of Marsh as a sexually violent predator pursuant to the "Jimmy Ryce Act" ("Ryce Act"), section 394.910, et seq., Florida Statutes (2001). The lower court found probable cause to believe that Marsh was a sexually violent predator and issued an order authorizing the Department of Children and Families to take Marsh into custody at the conclusion of his prison sentence.
Marsh filed a petition for writ of error coram nobis which sought the withdrawal of his guilty plea based upon the failure of both the trial court and his defense attorney to apprise him of his eligibility for civil commitment or confinement under the Ryce Act. An evidentiary hearing was conducted pursuant to this court's mandate.[2]
Marsh's defense counsel testified, at the evidentiary hearing below, that he knew the charges in this case alone would not render Marsh eligible for civil commitment under the Ryce Act, but did not know that Marsh's prior convictions could be used to trigger the provisions of the Ryce Act. He also testified that he had no recollection of conversations with the prosecutor regarding Marsh's eligibility under the Ryce Act.
Marsh testified that he was unaware of the Ryce Act and that he might be held in civil commitment indefinitely. He further stated that he would not have accepted the state's plea offer had he known that he would not be released upon the completion of his two-year prison sentence.
The trial court denied the petition. Marsh timely took this appeal and makes two arguments.
First, he asserts that the trial court erred in denying his petition where the evidence at the hearing below established that he was affirmatively misled by his counsel about his release from prison. We disagree. Initially, we note that civil confinement under the Ryce Act is a collateral consequence of the plea in this case, and neither the trial court or the defense counsel had a duty to advise Marsh of the *1180 potential collateral consequences of his plea. See Major v. State, 814 So.2d 424, 426-27 (Fla.2002) (stating that judge and counsel must only apprise defendant of direct consequences associated with plea agreement, and not of collateral consequences); Watrous v. State, 793 So.2d 6, 8 (Fla. 2d DCA 2001) (finding that failure of trial court and trial counsel to advise defendant of collateral consequence did not provide basis on which to withdraw plea). The law is clear, however, that affirmative misadvice regarding the collateral consequences of a plea may form the basis for the withdrawal of a plea. Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001). See also Watrous v. State, 793 So.2d at 11 (finding that defendant may withdraw guilty plea if he relied on counsel's affirmative misadvise). In this case though, there is absolutely no record support for Marsh's contention that he was affirmatively misled either by the trial court or his counsel. The undisputed record evidence indicated that prior to the plea, defense counsel merely opined that Marsh would be released from prison soon based upon the time he already served.[3] Defense counsel never made any representations one way or the other as to Marsh's eligibility for civil commitment under the Ryce Act based upon prior convictions. Additionally, the trial court never made any factual representations whatsoever to Marsh either regarding the length of time remaining to be served in prison,[4] or as to the potential collateral consequences of his plea. In the absence then of any duty to apprise Marsh of the collateral consequences of his plea or affirmative misrepresentations by either defense counsel or the trial court, Marsh is entitled to no relief.
As his remaining issue on appeal, Marsh nevertheless contends that the state violated its plea agreement when it sought civil commitment under the Ryce Act after he had completed his sentence of incarceration. The state responds, and we agree, that this argument is unpreserved for appellate review because it was never presented to the trial court. See Evans v. State, 808 So.2d 92, 101 (Fla.2001) (finding that defendant did not preserve error on appeal claiming that grand jury testimony was materially different from trial testimony and therefore reversal was required, because defendant failed to raise the issue at trial); Sims v. State, 839 So.2d 807, 812 (Fla. 4th DCA 2003) (finding that defendant failed to preserve his claim that court improperly permitted the state to impeach witness where issue was never raised in trial court). Even if it had been preserved, it lacks merit based upon the Supreme Court's recent decision in Murray v. Regier, 27 Fla. L. Weekly S1008, ___ So.2d ___, 2002 WL 31728885 (Fla. Dec. *1181 5, 2002). In that decision, the court concluded that any bargain struck by a defendant in a plea agreement in a criminal case has no bearing on a subsequent involuntary civil commitment for control, care and treatment. See also Krischer v. Faris, 838 So.2d 600, 603 (Fla. 4th DCA 2003) (concluding that defendant's involuntary civil commitment was not continued punishment for his criminal offense because it was based upon clinical evaluations of his present state, and not upon the criminal proceedings).
We therefore affirm the order under review.
Affirmed.
NOTES
[1] See § 775.084, Fla. Stat. (2001).
[2] See Marsh v. State, 804 So.2d 617 (Fla. 3d DCA 2002).
[3] Marsh in fact was released from prison within five months of his plea.
[4] In fact, the following portion of the plea colloquy reveals that the trial court precautiously informed Marsh that no one could realistically make any promises or predictions as to the length of time to be served.

[COURT]: Now your sentence is two years with credit for time you've already served. I can't tell you how much more time you will serve. Anyone who has told you that if anyone made you any promises or predictions they're only a prediction, not a promise, do you understand that?
[DEFENDANT]: Yes, ma'am.
[COURT]: No one can tell you how much time you're going to do.
[DEFENDANT]: Yes, ma'am.
[COURT]: Whatever time the Department of Corrections determined that you need to serve you will serve, do you understand that?
[DEFENDANT]: Yes, ma'am.
[COURT]: Do you have any questions for this court in terms of this plea?
[DEFENDANT]: No ma'am.