851 So.2d 274 (2003)
STATE of Florida, Appellant,
v.
Steven KLEIN, Appellee.
No. 5D02-3756.
District Court of Appeal of Florida, Fifth District.
August 1, 2003.
*275 Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellee.
MONACO, J.
After a jury trial finding the appellee, Steven Klein, to be a sexually violent predator, he was committed to the custody of the Department of Children and Families in accordance with the requirements of the Jimmy Ryce Act, section 394.910, et seq., Florida Statutes (2001). Thereafter, the trial court granted Klein's motion for specific performance of a plea agreement that he entered into in the underlying criminal case that led to the Ryce Act proceeding. The State of Florida appeals an order of the trial court that granted Klein's motion for specific performance of the plea agreement in reliance on the case of Harris v. State, 27 Fla. L. Weekly D946, ___ So.2d ___, 2002 WL 731699 (Fla. 1st DCA Apr.26, 2002). We reverse.
Since the entry of the order being appealed in this case, the Supreme Court of Florida has held in Murray v. Regier, 27 Fla. L. Weekly S1008, ___ So.2d ___, 2002 WL 31728885 (Fla. Dec. 5, 2002), that an involuntary commitment under the Jimmy Ryce Act is not considered to be a continued punishment for a criminal offense. Rather, the court reasoned, a commitment proceeding is separate from the criminal action that was based on the individual's sexually violent offense. Thus, the court concluded that "any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on a subsequent involuntary civil commitment for control, care, and treatment." Id. at S1010, ___ So.2d at ___. See also Sandillo v. State, 842 So.2d 1018 (Fla. 5th DCA 2003); Ritchie v. State, 842 So.2d 234 (Fla. 5th DCA 2003); Satz v. Runion, 838 So.2d 689 (Fla. 4th DCA 2003).
Accordingly, the order of the trial court granting Klein's motion for specific performance of his plea agreement, dismissing the petition for involuntary commitment, and ordering Klein's release is reversed and vacated, and the case is remanded with directions to deny Klein's motion.
REVERSED, VACATED AND REMANDED.
SAWAYA, C.J., and ORFINGER, J., concur.