HAWKES, J.
The State of Florida filed a petition to civilly commit Appellee, Scott E. McFarland (McFarland) as a violent sexual predator upon his release from prison. McFarland filed a motion for summary judgment alleging the relief the State sought in the petition violated the terms of his plea agreement. The trial court granted summary judgment in favor of McFarland. In so doing, the trial court erred.
Pursuant to sections 394.910-394.931, Florida Statutes (2000) (the Jimmy Ryce Act), a person who is declared a sexually violent predator may be committed to the Department of Children and Families for care, custody, and treatment. A sex offender’s involuntary civil commitment as a sexually violent predator under the Jimmy Ryce Act is not continued punishment for his criminal offense, and thus does not violate an offender’s due process right to specific performance of his plea agreement. See Murray v. Regier, 872 So.2d 217 (Fla. 2002). Any bargain a defendant may strike in a plea agreement in a criminal case has no bearing , on a subsequent involuntary civil commitment for control, care, and treatment. See id; see also Sandillo v. State, 842 So.2d 1018, 1019 (Fla. 5th DCA 2003); Krischer v. Faris, 838 So.2d 600, 603 (Fla. 4th DCA 2003).
REVERSED.
WOLF, C.J., and BROWNING, J., concur.