865 So.2d 633 (2004)
STATE of Florida, Appellant,
v.
James HEATH, Appellee.
No. 2D02-5116.
District Court of Appeal of Florida, Second District.
February 11, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Stephen B. Fisher, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State of Florida appeals an order dismissing its petition for commitment filed pursuant to the Jimmy Ryce Act. § 394.915, Fla. Stat. (2001). We reverse.
James Heath was adjudicated guilty pursuant to a plea agreement on eight counts of attempted sexual battery on a child under twelve years old, eight counts of committing a lewd act, and five counts of contributing to the delinquency of a minor. Heath completed the incarcerative portion of his sentence on June 1, 2001, and was to be placed on probation. On May 30, 2001, the State filed a civil petition for commitment under section 394.915.
On July 16, 2002, Heath filed a motion asking the court to enforce the plea agreement and dismiss the petition. He claimed the subsequent filing of the civil commitment petition violated his plea agreement and was a breach of contract. On November 21, 2002, relying on the ruling in Harris v. State, 27 Fla. L. Weekly D946, ___ So.2d ___, 2002 WL 731699 (Fla. 1st DCA Apr.26, 2002), review granted, 854 So.2d 660 (Fla.2003), the circuit court granted Heath's motion and dismissed the petition.
Thereafter, in Murray v. Regier, 27 Fla. L. Weekly S1008, ___ So.2d ___, 2002 WL 31728885 (Fla. Dec. 5, 2002),[1] the Florida Supreme Court examined this issue and *634 held that "any bargain that a defendant may strike in a plea agreement in a criminal case would have no bearing on a subsequent involuntary civil commitment for control, care, and treatment." See State v. Klein, 851 So.2d 274 (Fla. 5th DCA 2003); Garcia v. State, 847 So.2d 980 (Fla. 4th DCA 2002). Consequently, Heath's plea agreement in his criminal case did not foreclose the subsequent involuntary civil commitment, and the circuit court erred in dismissing the State's petition.
Accordingly, we reverse the order granting Heath's motion to enforce the plea agreement and dismissing the petition for involuntary commitment, and we remand with directions to deny Heath's motion.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.
NOTES
[1] The mandate in Murray v. Regier, 27 Fla. L. Weekly S1008, ___ So.2d ___, 2002 WL 31728885 (Fla. Dec. 5, 2002), has been stayed pending the disposition of State v. Harris, Case No. SC02-2172, and State v. Gentes, Case No. SC02-2440.